UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VELT CORP.,

                        Plaintiff,

      **SUA SPONTE**
      **REPORT AND**
      **RECOMMENDATION**

  -against-

      19-CV-05463 (MKB) (ST)

UNITED STATES OF AMERICA

                      Defendant.
------------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

On September 25, 2019, Velt Corp. ("Plaintiff") commenced this action against the United States of America, and in particular the United States Department of Agriculture, Food and Nutrition Services ("Defendant"). *See* Compl., Dkt. No. 1. Pursuant to the Food and Nutrition Act of 2008, as amended, 7 U.S.C.A. § 2021 and Title 7 of the Code of Federal Regulations, Plaintiff sought judicial review of Defendant's Final Agency Decision to impose a six month disqualification on Plaintiff's participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). *Id.* ¶¶ 4-5. On October 13, 2020, in its third order directing Plaintiff to file a status report, the Court cautioned Plaintiff that failure to file the report by October 16, 2020 would result in a report and recommendation to the district judge that the case be dismissed for failure to prosecute. *See* Electronic Order, October 13, 2020. Since then, Plaintiff has not contacted the Court. For this reason, the Court has no choice but to recommend, *sua sponte*, that the District Court DISMISS this case for a failure to prosecute.

  **A. Background**

Plaintiff is a deli that had been authorized to participate in and had participated in SNAP without interruption, beginning in or around 2012. Compl. ¶ 7. Approximately 20% of Plaintiff's customers receive SNAP benefits. *Id.* ¶ 9. Many of Plaintiff's customers who are SNAP recipients have referred customers who are not SNAP recipients. *Id.* ¶ 10.

By letter dated September 4, 2019, Defendant disqualified Plaintiff from participating in

1

SNAP for six months. *Id.* ¶ 11. Plaintiff's disqualification was based in part on Defendant's investigation of Plaintiff on June 5, 2019. *Id.* ¶ 12. The investigation disclosed Plaintiff was deficient in the dairy staple food category. *Id.* Plaintiff was also disqualified because Plaintiff's food staple sales allegedly did not comprise more than 50% of its annual gross retail sales. *Id.* The period during which Plaintiff was to be suspended from SNAP was scheduled to commence on or about October 5, 2019. *Id.* ¶ 13. Plaintiff denies the allegations contained in Defendant's letter. *Id.* ¶ 15.

Plaintiff filed its Complaint on September 25, 2019, seeking: an order staying the administrative action; judicial review of the final agency action by trial de novo; entry of an order invalidating the final agency action or alternatively a civil money penalty in lieu of a six month disqualification; an award of attorney's fees and costs pursuant to the Equal Access to Justice Act; and such other and further relief deemed just and necessary and proper by the Court. *Id.* at 5.

The Proposed Summons that Plaintiff filed with its Complaint was not completed correctly and was rejected by the Clerk's Office on September 27, 2019. *See* Docket, September 27, 2019. Plaintiff had still not corrected its Proposed Summons when the Court ordered Plaintiff to file a correct summons on May 14, 2020. *See* Electronic Order, May 14, 2020. Plaintiff correctly filed a Proposed Summons on May 21, 2020 and that Summons was issued as to Defendant on May 22, 2020. *See* Proposed Summons, Dkt. No. 5; Summons Issued, Dkt. No. 6. After no further movement in the case, the Court issued an order on September 1, 2020 that directed Plaintiff to file a status report by September 11, 2020. *See* Electronic Order, September 1, 2020. Citing health issues, Plaintiff's counsel requested an extension of time to file the status report on September 9, 2020. *See* Mot. for Extension of Time, Dkt. No. 7. The Court granted Plaintiff's request, directing Plaintiff to file a status report by September 29, 2020. *See* Electronic Order, September 10, 2020. When Plaintiff did not meet its extended deadline, the Court ordered Plaintiff to file a status report immediately. *See* Electronic Order, October 6, 2020. Plaintiff did not respond. On October 13, 2020, the Court issued its third order directing Plaintiff to file a status report. *See* Electronic Order, October 13, 2020. In this order, the Court cautioned that if Plaintiff did not file a status report by

October 16, 2020, a recommendation would be made to the district court that this case be dismissed for failure to prosecute.  *Id.*  Plaintiff has still not filed a status report or otherwise responded.

## B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ."  Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket).  "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)).  Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."  *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations."  *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition.  *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's

3

recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, Plaintiff was notified its Proposed Summons was not prepared correctly and then, without explanation, waited approximately eight months to file a correct summons. Despite multiple orders from the Court, Plaintiff has not filed a status report. Plaintiff has not responded to the Court's two most recent orders and has not provided an excuse for its delay.

Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade v. United States*, 93 F.R.D. at 629 (citing cases dismissing after delays as short as three months). Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute her case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months"). Again, Plaintiff here had notice of its improperly prepared summons, yet failed to correct the summons for about eight months. Even after the correct summons was issued as to Defendant in May 2020, Plaintiff showed no interest in prosecuting its case. The next and final time Plaintiff communicated with the Court was more than three months later, in September 2020, when Plaintiff requested an extension of time in response to the Court's first order to file a status report. Plaintiff failed to meet the extended deadline and has not responded to the Court's subsequent orders. Accordingly, Plaintiff has delayed prosecution of this case for a period that warrants dismissal.

Second, the Plaintiff was given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As stated above, Plaintiff was cautioned on October 13, 2020 that failure to comply with the Court's third order to file a status report would result in a report and recommendation to the district judge that the action be dismissed for failure to prosecute. Thus, Plaintiff was on notice, and, to date, has failed to take any action or comply with any order of this Court. Given Plaintiff's notice and ample time to respond, this Court finds that the second factor favors dismissal.

Third, Defendant will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "The probability of prejudice to a defendant that has not been served process for a particularly long period of time is high." *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) (citation omitted). Here, Plaintiff's corrected summons was not issued as to Defendant until May 22, 2020, approximately eight months after Plaintiff filed its Complaint. Plaintiff offered no explanation as to the months-long delay. Since that time, Plaintiff has failed to comply with three orders from this Court directing Plaintiff to file a status report. Plaintiff requested an extension of time to file after the Court issued the first of its three orders. Nonetheless, Plaintiff failed to meet the extended deadline and has not complied with the Court's second and third orders. Plaintiff has

5

not provided an excuse for the lengthy delay. Thus, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [its] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. The Plaintiff has shown no interest in litigating this case as he has failed to move the case forward and has not so much as filed a status report since the matter's inception more than a year ago. Accordingly, the fourth factor favors dismissal.

Finally, because the Plaintiff has shown no interest in litigating his case, there is no efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia*, 2016 WL 1275621, at *4. Here, the Plaintiff has effectively disappeared, as he has not communicated with the Court, despite repeated orders by this Court to comply. In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference"). The final factor favors dismissal.

### C. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal. I recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
December 7, 2020

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).