UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

VELT CORP., d/b/a VELT DELI & GROCERY,

                          Plaintiff,                      **ORDER**
                                                            19-CV-5463 (MKB) (ST)

                    v.

UNITED STATES OF AMERICA,

                          Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Velt Corp., doing business as Velt Deli & Grocery, a New York corporation, commenced the above-captioned action on September 25, 2019, against Defendant the United States of America, asserting claims pursuant to 7 U.S.C. § 2023.  (Compl. 1, Docket Entry No. 1.)[1]  Plaintiff seeks judicial review of the decision of the United States Department of Agriculture, Food and Nutrition Services disqualifying Plaintiff from participation in the Supplemental Nutrition Assistance Program for six months "due to alleged deficiencies in maintaining certain food groups" at Plaintiff's deli.  (*Id.* at 2–4; *Id.* ¶ 11.).  On May 14, 2020, the Court ordered Plaintiff to file a corrected summons and Plaintiff did so on May 21, 2020.  (Order dated May 14, 2020; Proposed Summons, Docket Entry No. 5.)  The summons was issued on May 22, 2020.  (Summons, Docket Entry No. 6.)  On September 1, 2020, Magistrate Judge Steven Tiscione directed Plaintiff to file a status report by September 11, 2020, (Order dated Sept. 1, 2020), and then granted Plaintiff an extension to September 29, 2020, (Pl.'s Mot. for Extension of Time, Docket Entry No. 7; Order dated Sept. 10, 2020).  Plaintiff failed to

---

      [1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

prosecute the case and by *sua sponte* report and recommendation dated December 7, 2020, Judge Tiscione recommended that the Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R"). (R&R 3–7, Docket Entry No. 8.)

For the reasons explained below, the Court dismisses the action for failure to prosecute.

**I. Background**

When Plaintiff missed both deadlines to file a status report, Judge Tiscione ordered Plaintiff to immediately file a status report. (Order dated Oct. 6, 2020.) One week later, when Plaintiff still had not filed a status report, Judge Tiscione noted that "there has been little activity by Plaintiff to prosecute this case" and that Plaintiff had ignored two previous court orders to submit a status report, ordered Plaintiff to file a status report by October 16, 2020, and warned that "a recommendation will be made to the . . . Court to dismiss this case for failure to prosecute" if none was filed. (Order dated Oct. 13, 2020.) Plaintiff did not file a status report.[2]

In the R&R, Judge Tiscione analyzed the five factors in *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and concluded that Rule 41(b) dismissal was warranted because (1) the delay was of a "significant duration," (2) Plaintiff was warned that "dismissal was a possibility," (3) "Defendant would be prejudiced by further delays," (4) "dismissal would seek the proper balance between expediency and the rights of [Plaintiff]," and (5) "Plaintiff has shown no interest in litigating his case," therefore "there is no efficacious option but dismissal." (R&R 4–7.)

Judge Tiscione also cautioned Plaintiff that "[f]ailure to file timely objections [within fourteen days to the R&R] shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." (*Id.* at 7 (first citing *Frydman v.*

---

[2] Since its September 9, 2020 motion for an extension of time, Plaintiff has not made any filings or taken any other action. (Pl.'s Mot. for Extension of Time.)

2

*Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); then citing *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); then citing *Tavarez v. Berryhill*, No. 15-CV-5141, 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)) (citing *Small*, 892 F.2d at 16); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Arn*, 474 U.S. at 155)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

3

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court dismisses the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address of record and close this case.

Dated: December 23, 2020
      Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge